IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| BILLIE L. REDDING, | CV 12–98–H–CCL |
| Plaintiff, | |
| vs. | |
| PROSIGHT SPECIALTY MANAGEMENT COMPANY, INC. aka MUTUAL MARINE OFFICE, INC. PROSIGHT SPECIALTY INSURANCE GROUP, INC. aka NYMAGIC, INC. and NEW YORK MARINE AND GENERAL INSURANCE COMPANY, | ORDER IN RESPONSE TO NINTH CIRCUIT REMAND INSTRUCTIONS |
| Defendants. | |

In this case, on February 27, 2015, the district court granted summary

judgment to Defendants New York Marine and General Insurance Company, *et

al.*, ("NYM") and granted NYM's motion for fees and costs, imposing a

$107,867.54 sanction of fees and costs on Plaintiff's counsel, Linda Deola and

Brian Miller, for their filing of a frivolous motion to disqualify opposing counsel

and discovery violations and violation of the district court's order, which forced

NYM to file a motion to compel discovery.  (ECF No. 304.)  NYM had requested

$236,316.94 in fees and costs, but the district court granted $107,867.54.

Linda Deola and Brian Miller are both partners in the law firm of Morrison,

Sherwood, Wilson & Deola, PLLP ("MSWD"), and the Court will refer to them

collectively as "MSWD."

Subsequently, on June 25, 2015, the district court granted NYM's second

motion for fees and costs under the Court's inherent authority and 28 U.S.C.

§1927, imposing a sanction of fees and costs against Plaintiff's legal team:  Linda

Deola, Brian Miller, Richard Layne,[1] and MSWD.  (ECF No. 340.)   NYM had

requested fees and costs in the amount of $1,473,428.90 (excluding the fees and

costs relating to the prior sanction), but the district court granted $515,119.50 in

fees and costs.

---

[1] Plaintiff's counsel Richard Layne, of Portland, Oregon, made his
appearance in the case *pro hac vice*.

Deola, Miller, Layne and MSWD appealed from the district court's imposition of the two sanctions.

The appellate panel of the Ninth Circuit affirmed the district court's imposition of both sanctions on June 9, 2017. (ECF No. 347.) The panel found that ample evidence in the record supported the district court's finding that a frivolous motion had been filed and that discovery misconduct had been committed *and* that ample evidence supported the sanction against Deola and Miller of $107,867.54.

The panel found further that sufficient evidence in the record supported the finding that MSWD acted in 'bad faith' or was 'reckless' in the litigation of their client's claim against NYM, but that there was insufficient evidence in the record to support a finding of bad faith or recklessness as to Richard Layne. *Redding v. Prosight Specialty Management Co., Inc.*, 692 Fed.Appx. 447 (Mem.) (June 9, 2017, 9th Cir.). As to the dollar amount of this second sanction, the panel said that "because the district court awarded sanctions of $515,119.90 in attorneys' fees and costs based on Deola's, Miller's, *and* Layne's conduct, we remand to the district

court to give it an opportunity to reassess the appropriate amount of sanctions."

*Id.* at 448, ¶6.

The panel further clarified its remand instruction on August 16, 2017, when

it denied the petition for rehearing and instructed as follows:

> The Court instructs the district court on remand to
> reassess the sanctions amount in light of our decision
> and the Supreme Court's recent opinion in *Goodyear
> Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017).

(ECF No. 349.)

This Court received the Mandate filed by the Ninth Circuit on August 24,

2017, returning jurisdiction to this district court to carry out its instructions. (ECF

No. 351.) Just hours after the Mandate was filed, MSWD filed several motions

and other documents. These motions and papers appeared to violate the Rule of

Mandate first described by the U.S. Supreme Court in 1895. *See In re Sanford

Fork & Tool Co.*, 160 U.S. 247, 255 (1895).

The "Combined Motion for Relief from Judgment and to Dismiss Sanctions

as Satisfied and Moot" (ECF No. 352) represents MSWD's attempt to take another

bite at the apple. They ask this Court to go beyond the remand instructions to

consider its multiple arguments in favor of nullifying the *entire* sanction against

MSWD, introducing argument available to MSWD prior to final judgment in this

case.[2] In addition, MSWD has filed an "Alternative Motion for Discovery and an

Evidentiary Hearing" (ECF No. 363), and a "Motion for Leave to File Under Seal"

a settlement agreement from CV 14-33-BU-SEH (ECF No. 354).

These motions by MSWD represent nothing more than a fishing expedition,

a delay tactic, and a distraction. Instead, what this Court must focus on is what the

Ninth Circuit has told this Court to do on remand: this Court must reassess the

amount of the sanction in light of the reversal of the sanction against Richard

Layne and the *Haeger* case. "The rule of mandate requires a lower court to act on

the mandate of an appellate court, without variance or examination, only

---

[2] For example, in this Court's June 25, 2015, order imposing the $515,119.50 sanction against MSWD, the undersigned acknowledged what all counsel already knew, that the then-pending case of *Anderson ZurMuehlen & Co., P.C. v. New York Marine and General Ins. Co.*, CV 14-33-BU-SEH, had some potential relevance to the attorney fees in this case. (ECF No. 340 at 37.)

execution."  *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006)

(quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)).  With clear

remand instructions such as were received by this court in this case, "a district

court is limited by [the Ninth Circuit's] remand in situations where the scope of

the remand is clear."  *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007).

Neither party has requested the Ninth Circuit to expand the scope of the remand.

Therefore, first, the Court reconsiders the sanction in light of the fact that

attorney Richard Layne must not be included among the sanctioned counsel.  This

is not a difficult task.  Although Mr. Layne actively participated in Plaintiff

Redding's underlying state court case, Mr. Layne never participated actively in the

instant case other than to file his appearance *pro hac vice*.  Mr. Layne's name does

not appear on the First Amended Complaint filed in this case in state court and

removed to this Court on October 19, 2012 (ECF No. 1-1), or on the Amended

Complaint filed on October 25, 2012 (ECF No. 7).  He never appeared at any

hearing.  He never filed a motion or a brief (except a brief in opposition to having

sanctions imposed against him, which activity is after the relevant period of the

6

sanction).

The Court knows virtually nothing about Mr. Layne, except that he referred Ms. Redding's underlying claim to local counsel Ms. Deola, and together the two counsel litigated and then settled that claim in state court. Then he apparently served some background function in this case, but allowed Ms. Deola to perform all acts necessary to litigate this case.

The Court has re-examined the detailed attorney time sheets and invoices that were submitted to the Court on June 19, 2015, in support of the Defendants' Motion for Fees and Costs (ECF No. 309). (*See* CM/ECF Clerk's Remark dated 6/19/2015.) The detailed time sheets show that Plaintiff's counsel Richard Layne did not participate in this litigation after February 14, 2014 (which is the start date set by this Court for compensable attorney fees (ECF No. 340 at 37)), in any meaningful way, or to interact with opposing counsel in any way. Mr. Layne did not appear at any hearing held by this Court. Thus, no portion of the $515,119.90 in attorneys' fees and costs was attributable to Mr. Layne, and this sanction is appropriate only as to Ms. Deola, Mr. Miller, and the MSWD law firm, as the

Circuit has held.[3]

As instructed, this Court has reviewed and carefully considered the case of

*Goodyear Tire & Rubber Company v. Haeger*, ___ U.S. ___, 137 S. Ct. 1178, 197

L.Ed.2d 585 (2017). The Court concludes that the sanction in this case clearly

meets the but-for test explicated in *Haeger* because the sanction is "limited to the

fees the innocent party incurred solely because of the misconduct...." *Haeger*, 137

S.Ct. at 1184. The instant case was probably motivated by the need of Plaintiff's

counsel to cover up their unethical and unfair treatment of their client in the

underlying state court litigation. It is clear to the Court that there was never any

bad-faith action taken by the insurance company as claimed by counsel, and this

Court believes that truth should have been clear to all of Plaintiff's counsel at the

outset of this case.

The full amount of innocent party's attorney fees and costs requested could

---

[3] Despite Mr. Layne's lack of overt participation in this case, this Court included him in the sanction because of the fact that he was highly involved in the underlying state litigation and had every reason to understand that the instant litigation was brought by him in bad faith, just as much as Ms. Deola and Mr. Miller.

probably have been imposed under *Haeger*, but this Court did not impose the full

amount as a sanction.  The full amount of sanctions would have been

$1,473,428.90 (and even that amount would have excluded all of the innocent

party's fees and costs on appeal and on remand, which undoubtedly are not

inconsiderable).  (ECF No. 360 at 9 fn.2, Defs' Brief in Opp.)  Moreover, in

imposing the sanction, this Court also excluded all fees of the innocent party from

October, 2012, through February 13, 2014, for the reason that the Court wished to

give Plaintiff's counsel the benefit of the doubt, allowing for the possibility,

however unlikely, that they had filed this case in good faith in the belief that their

claim against the insurer was legitimate.  The Court chose the date February 14,

2014, as the last possible date that Plaintiff's counsel could reasonably believe that

they were asserting a legitimate claim against the insurer.[4]

---

[4] This was a "claims made and reported" professional policy containing a
provision that a claim could not be settled without the written consent of the
insured, AZ.  That written consent was not provided by the insured until the
Redding claim was actually settled in 2012 by NYM.  However, during the
preliminary pretrial conference in this case on April 12, 2013, Ms. Deola stated
that she believed there was "factual written evidence" that AZ did ask the insurer

Therefore, the Court imposed "a sanction consisting of the amount that

NYM <u>paid</u> to defense counsel as fees and costs for services and expenses after

February 14, 2014, which is the date when AZ's Carlson testified that AZ did not

authorize settlement with Redding when her counsel made the 30-day policy limit

demand." (ECF No. 340 at 37.)

The *Haeger* case "permits a trial court to shift all of a party's fees, from

either the start or *some midpoint of a suit*, in one fell swoop." 137 S. Ct. at 1187

(emphasis added). This Court's reasoning is supported by *Haeger*, which

acknowledges that "[i]f a plaintiff initiates a case in complete bad faith, so that

every cost of defense is attributable only to sanctioned behavior, the court may

make a blanket award." 137 S. Ct. at 1188. This is the precise case here, only this

Court has cautiously chosen the last possible date when Plaintiff's counsel should

have known that their claim against the insurer was without a factual or legal

---

to pay full policy limits to Ms. Redding and that this factual issue should preclude
granting NYM's motion for judgment on the pleadings. After years of discovery,
it became clear that Ms. Deola had no such evidence and had no reason to think
that she would ever have such evidence.

basis.  Thus, the Court concludes that the full amount of the sanction meets the but-for test because these attorney's fees "would not have been incurred except for the misconduct."  *Id.*

The Court will add one further comment.  NYM, the innocent party, has not received a double-recovery by virtue of the sanction.  This sanction was imposed in June, 2015, long before the conclusion of the satellite litigation known to all parties and to the Court.  In 2016, NYM prevailed upon its counterclaim against AZ, which then settled with NYM in November, 2016, by agreeing to pay a sum to cover NYM's attorney fees, *less* the sanctions imposed in this case.  Essentially, the instant case reached final judgment below before the satellite litigation.

There is no double recovery because (1) NYM incurred *at least* (and probably more than) $3.4 million in attorney fees,[5] (2) $622,987.44 in attorney fee sanctions payable to NYM entered in an Amended Judgment in this case on June 25, 2015,[6] and (3) in November, 2016, AZ agreed to pay $2.1 million for the

---

[5] ECF No. 361, Dec. of M. Goodman, ¶5.

[6] ECF No. 341.

remainder of NYM's attorney fees in this and the other district court case (ECF

No. 361, ¶6).[7]

Simple math shows that no double recovery occurred.

In examining the MSWD motions and briefs asserting *res judicata* and

accord and satisfaction, the Court finds them to be wholly without merit and in

violation of the rule of mandate.  *See In re Sanford Fork & Tool Co.*, 160 U.S.

247, 255 (1895).  Unfortunately, it is just this sort of frivolous argument that

continues to increase NYM's, the innocent party's, attorneys' fees and costs, both

at the district court level and on appeal.  Finally, the Court cannot see any purpose

in delaying enforcement of the other $107,867.54 sanction that was imposed on

---

[7] ECF No. 361, Dec. M. Goodman, ¶6.  *See Anderson ZurMuehlen & Co., P.C. v. New York Marine and General Ins. Co.*, CV 14-33-BU-SEH.  In this declaratory judgment action, AZ sought to invalidate its 2012 indemnification agreement with NYM, in which AZ agreed to pay any attorney fees incurred by NYM in subsequent litigation arising from the Redding claim.  On June 24, 2016, a full year after the attorney fees sanctions were imposed against MSWD in this case, the Hon. Judge S. Haddon, presiding over CV 14-33-BU-SEH, granted NYM's summary judgment motion and denied AZ's summary judgment motion; that case was settled by the parties in November, 2016.

Ms. Deola and Mr. Miller, jointly and severally, on February 27, 2015 (ECF No. 304) and affirmed in full by the Ninth Circuit on June 9, 2017 (ECF No. 347).

Accordingly,

IT IS HEREBY ORDERED that the Clerk shall notify the Court of Appeals for the Ninth Circuit of the entry of this Order. This Court has completed its reassessment of the sanctions in light of the reversal of the sanction against Richard Layne and for compliance with the *Haeger* case, and this Court finds that *Haeger* confirms this Court's imposition of sanctions as to MSWD. The Clerk shall enter a Second Amended Judgment, deleting Richard M. Layne from the Amended Judgment entered on June 25, 2015 (ECF No. 341).

IT IS FURTHER ORDERED that the Combined Motion (ECF No. 352), the Alternative Motion for Discovery and an Evidentiary Hearing (ECF No. 363), and the Motion For Leave to File Under Seal (ECF No. 354) are DENIED.

IT IS FURTHER ORDERED that MSWD's motion to continue to stay enforcement of the judgment in the amount of $107,867.54 and approve bond in the amount of $112,000.00 (ECF No. 357) is DENIED.

The Clerk shall notify the Court of Appeals for the Ninth Circuit of the entry of this order.

Dated this 17th day of November, 2017.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE